14  307
67  375

## BROOKS *vs.* HART.

The statute of this State, entitled "an act establishing the law of the road," in its operation extends only to the regulation of the conduct, rights and duties of persons travelling with teams and vehicles, at the time and place of meeting, and while passing each other.

It is the right of every person to travel on any part of the highway that may suit his taste or convenience, not occupied by another; provided no one meets him with a vehicle having occasion or a desire to pass him ; but if any one have such occasion, it is his duty to turn and yield to him having the occasion for its use, the half of the road that lies on the left of the centre of the travelled part of the road, in such season that he may pass without interruption or delay.

Ordinarily, if a traveller be upon the half of the travelled part of the way appointed to him by the statute, travelling with ordinary care and prudence, and sustain an injury by a collision with the vehicle of another, who is found with his vehicle upon that part of the way to which he has not the statutory right, the individual who has thus sustained an injury may have redress by an action against the other.

Damage arising from detention, without collision, would furnish an equally valid ground or cause of action in favor of the person detained.

The question of negligence, or fault, under the statute, is one of law, arising upon the facts proved, for which a party is answerable.

A party is not entitled to redress for an injury sustained in meeting and passing another upon a highway, where his own carelessness or negligence has contributed in any degree, greater or less, to cause the injury.

If a party in travelling go voluntarily upon the left side of the centre of the travelled part of the way, and from the size or character of his team or vehicle, or the state of the road, be unable to surrender to such as he may meet the part of the way to which they are entitled, such inability might not, or probably would not, furnish a sufficient legal excuse to exonerate him from liability for an injury sustained by one in meeting and passing, who was in no wise in fault. The negligence for which he would be answerable would consist in being voluntarily where he might be the occasion of the injury, in defiance of the statute.

If a party be found with his vehicle upon the half of the road to which he has not the right, another in passing, or attempting to pass, cannot carelessly or imprudently rush upon him, or his vehicle, and if he sustain damage in the rash act sustain an action for the injury.

If an attempt to pass in such case would be reasonably safe and prudent, it may probably be made, and if damage ensue an action will lie for redress.

If such attempt would not be thus reasonably safe and prudent, it is the duty of the traveller to delay, and seek redress by action for any injury sustained by the detention.

A. and B. were travelling upon a public highway in this State, with vehicles, and

met each other. At the time of meeting, A. with his wagon and horses was upon the left of the centre of the travelled part of the way. B. was upon the right of the centre of the travelled part of the road, and with reasonable care and proper precaution, attempted, with his horse and sleigh, to pass the horses and wagon of A., and an injury was sustained by a collision of the sleigh and wagon.—*Held*, that A. was answerable to B. for the damage sustained.

TRESPASS, for driving against the plaintiff.'s sleigh with the wagon of the defendant, overturning it and injuring the plaintiff.

It appeared that at the time of the alleged injury the defendant was driving a team of eight horses, with a load of four tons upon his wagon ; and the plaintiff offered evidence tending to show that at the time the parties met, the team of the defendant was at the left of the centre of the travelled part of the highway.

The plaintiff requested the court to instruct the jury that if they found that the plaintiff had used ordinary care and diligence, and if they found that the defendant at the time of the collision was on the unlawful side of the centre of the road, they were bound to presume that the defendant was negligent, and that he must be liable. The court declined so to instruct them. The court, however, instructed the jury that if they found that the plaintiff used reasonable care and proper precaution, and that, when they met, the defendant was on the wrong side of the highway, they might consider this as a circumstance tending to show that the defendant was negligent ; that the situation of his team was susceptible of explanation, and did not necessarily prove that he was negligent ; that they were to take into consideration all the circumstances of the case, together with this, that the defendant was on the wrong side of the highway ; and that whether the defendant was negligent, was a question of fact for them to consider, and determine upon all the facts in the case.

The jury returned a verdict for the defendant, which the plaintiff moved to set aside and for a new trial, on ac-

Brooks v. Hart.

count of the instructions of the court and alleged error therein.

*Freeman*, for the plaintiff.

*Gates & Leland*, for the defendant.

WOODS, J. The decision of this case depends upon the construction to be given to the statute of this State, entitled "an act establishing the law of the road."

The act provides, in the first section thereof, "that in all cases of persons meeting each other, on any bridge, turnpike, or other road within this State, travelling with carriages, wagons, carts, sleds, sleighs, or other vehicle, the persons so meeting shall seasonably turn, drive and convey their carriages, &c., to the right of the centre of the travelled part of such bridge, turnpike, or road, so as to enable each other's carriages, wagons, carts, sleds, sleighs, or other vehicle, to pass each other without interference or interruption." And in its second section it is provided, "that every person offending against any of the provisions of this act shall forfeit and pay, for each offence or neglect, a fine not less than one dollar, &c., and shall, moreover, be held answerable to any party, for all damages which shall be sustained in consequence of such offence or neglect." 1 *N. H. Laws* 583.

The object of the statute is, to facilitate and render safe the public travel, and to prevent all interruptions thereof, by prescribing the duty of each traveller in reference to every other, and by pointing to each the part of the way over which he may in safety travel without meeting with obstacles to impede his progress, or from which he might otherwise suffer detriment. And the court, in construing the act, are bound to give it such construction as to carry into effect the purposes of those who framed it. We are to give it such construction as will secure to the careful and peaceful trav-

eller free and uninterrupted progress, if he occupy that part of the way assigned to him for his use by the statute. The objects of the statute are important, and they should by all reasonable means be accomplished. The whole public travel, so far as concerns the meeting and passing each other with vehicles, is guided and regulated by its provisions ; and the rights, duties and liabilities of every traveller distinctly and with exactness prescribed and determined. Not only are certain duties imposed, but certain rights are guarantied to every traveller, for securing the objects in view. The act extends, however, in its operation only to the regulation of the conduct and rights of persons travelling with carriages or other vehicles at the time and place of meeting, and while passing each other. Under all other circumstances, travellers are still left to their common law rights and remedies, so far as it respects one another.

It is the right of every one to travel on any part of a highway that may suit his taste or convenience, not occupied by another, provided no one is meeting him with teams and carriages, having occasion or a desire to pass him. If he have such occasion, it is his duty to yield to such one so having occasion, the half of the travelled track, in such season that he may pass without interruption or delay. And it is the right of each traveller so meeting, to occupy any part of the track, on the right side of the way, that he may choose. Ordinarily, then, each has the right to occupy half of the width of the travelled way in passing, and is bound to yield the other half to the other traveller, and each, in meeting, is to turn seasonably to the right. By the terms " seasonably, turn, drive," &c., is meant, we think, that the travellers shall turn to the right in such season that neither shall be retarded in his progress, by reason of the other occupying his half of the way which the law has assigned to his use, when he may have occasion to use it in passing. In short, each has the undoubted right to one half of the way, whenever he wishes to pass on it ; and it is the duty of each, without delay, to yield such half to the other.

By the statute, such are the rights and such the duties of each traveller in meeting and passing. But, as we have already said, the statute goes no farther than to prescribe their duties and regulate their rights in meeting and passing each other with carriages and vehicles, and leaves their rights and liabilities, in all other particulars, unaltered, and to be regulated and determined by the principles of the common law. Ordinarily, if one traveller in meeting another be found upon the half of the way appointed to him by the statute, travelling with ordinary care and prudence, and he sustain an injury by a collision with the vehicle of another, who is upon that part of the way to which he has not the statutory right, the individual who has thus sustained the injury may have redress by action against him who was thus on the part of the way to which the statute did not give him the right. The traveller who thus travels prudently and carefully upon the half of the way assigned to him, will ordinarily pass at the hazard and risk of him who trenches upon his rights, in the manner already stated. Nor in such a case would damage arising from collision, or other cause of like character, form the only ground of a right of action. Damage arising from detention of the traveller would probably furnish an equally valid and substantial ground or cause of action.

It is legal negligence in any one thus to occupy the half of the way appropriated by law to others having occasion to use it in travelling with teams and carriages, and he is chargeable for any injury flowing exclusively from that cause alone. The question of negligence under the statute is one of law arising upon the facts proved. Whether cases of injury, which would be properly and legally attributable to mere accident or misfortune, may arise under the statute, or what would constitute a case of mere misfortune, for which no one would be answerable, need not now be considered or decided. If carelessness or negligence be shown on the part of him who may have sustained an injury, and

who seeks redress, and which has in some measure more or less contributed to the injurious result, in such case it would seem unreasonable, and not in accordance with well settled principles of law, to allow a recovery for the damage sustained. It would allow a party to profit by his own negligence or wrong. In order to entitle himself to redress for injuries sustained in passing others on highways, the traveller must himself be faultless; he must not be found invading the rights of others at the time, nor to have contributed to his own injury, in any degree, by reason of his own carelessness or negligence. Carelessness on the part of the injured party, contributing to the injury, would forbid the legal conclusion that would otherwise result, of a right to redress for the injury sustained. What would be the true construction of the statute, or its proper application, as touching the case where a party is found upon the prohibited part of the highway, but is shown to be there by unavoidable accident, and another in travelling and passing with ordinary care and prudence, and without fault on his part, sustains an injury in his team or vehicle, or suffers detriment by reason of delay occasioned by the fact that the way is obstructed, we need not stop to enquire or determine. But if a party, in travelling, voluntarily goes upon the prohibited side of the way, and from the size or character of his team or vehicle, or state of the road, should be unable to surrender to such as he might meet, the portion of the way to which they were entitled, the fact that he could not yield the way might not, and probably would not, furnish a legal excuse, exonerating him from liability for an injury sustained by one in passing, who was in no wise in fault. The wrong would consist in placing himself where he might be the occasion of the injury which has resulted; that is, on the prohibited side of the way. It would be legal fault in him to be found there occupying that part of the way belonging for the time to another, as against him. His inability to leave the part of the way, voluntarily occupied, would not form a valid ex-

cuse, exonerating him from liability for the injury sustained by another, by reason of such occupancy. But the traveller, whose part of the way is trenched upon by another, cannot, for that reason, carelessly and imprudently rush upon the party, or his team or vehicle, and if he sustain an injury recover damages therefor. He may probably attempt to pass, if such attempt would be reasonably safe and prudent. If otherwise, he must delay, and seek redress for the detention if damage result therefrom. But if, in a prudent attempt to pass, he sustain injury, we see no reason to doubt that the law would give redress.

Let us now apply these principles and views, so far as they are applicable and necessary, to the case under consideration, and the facts reported by the learned judge who tried the cause.

The defendant was upon the prohibited part of the way, and, for aught that appears, was voluntarily there. And it appeared that Brooks, the plaintiff, was passing there prudently, using reasonable care and proper precaution, and that an injury was sustained by him, by a collision of his sleigh with the defendant's wagon. Here, then, was fault and negligence shown on the part of the defendant, well entitling the plaintiff to recover for the damages sustained. The opinion of the court is, that the instructions asked for were substantially correct, and should have been given to the jury upon the facts reported in the case, and there was error in withholding them.

The instructions that were given were not well warranted. The jury were told that the fact that the defendant was on the wrong side of the road, was a mere circumstance, to be considered by the jury, as tending to show negligence on the part of the defendant ; and also, that, whether the defendant was negligent or not, was a question of fact for them to consider and determine upon all the facts in the case. We think it entirely clear, that the instructions thus given were erroneous. The question of negligence or fault, under

the statute, is one of law, arising upon the facts proved, and not a question of fact to be determined by the jury. It was not, therefore, a proper matter for the consideration of the jury, and should not have been submitted to them. The jury should have been instructed that the plaintiff was entitled to their verdict, upon the facts reported. The plaintiff, therefore, had not the full benefit of the law arising upon the facts proved. He had not the advantage of the legal presumptions to which he was well entitled. The judgment of the court, therefore, is, that the verdict must be set aside and a

*New trial granted.*